UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REY OLSEN, as assignee of Roque De La Fuente,

Plaintiff,

-against-

THE SHERRY NETHERLAND, INC.; HOWARD M.
LORBER; MICHAEL J. HORVITZ, WENDY
CARDUNER, MARY MCINNIS BOIES, IRA A.
LIPMAN, MARGORIE FISHER FURMAN,
FREDERIC M. SEEGAL, ARNOLD S. GUMOWITZ,
and EDWARD L. GARDNER, individually and as
Directors of the corporate Defendant; THE
SHAREHOLDERS/PROPRIETARY LESSEES AND
RESIDENTS OF THE BUILDING OWNED BY THE
CORPORATE DEFENDANT; CURTIS C.
MECHLING; and GABRIEL SASSON,

Defendants.

**ORDER**

20 Civ. 103 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

In this action, pro se Plaintiff Rey Olsen alleges that Defendants discriminated

against Roque De La Fuente – a Mexican-American businessperson and the assignor of Olsen's

interest in this action – when De La Fuente attempted to purchase an apartment in The Sherry

Netherland, Inc. (the "Sherry"), an upscale cooperative condominium building located on Fifth

Avenue in Manhattan. (Cmplt. (Dkt. No. 2) at 2-5)[1] Defendants are (1) the Sherry and its board

of directors at the relevant time – Michael J. Horvitz, Wendy Carduner, Mary Mcinnis Boies, Ira

A. Lipman, Margorie Fisher Furman, Frederic M. Seegal, Arnold S. Gumowitz, and Edward L.

---

[1] Unless otherwise specified, all docket citations are to the docket in Olsen v. The Sherry
Netherland, Inc., No. 20 Civ. 103 (PGG).  All references to page numbers in this Order are as
reflected in this District's Electronic Case Files ("ECF") system.

Gardner (the "Board") (collectively the "Sherry Defendants")[2]; and (2) Curtis C. Mechling and Gabriel Sasson, the attorneys at Stroock & Stroock & Lavan, LLP ("Stroock") that represented the Sherry in the sale of the apartment at issue (the "Law Firm Defendants").  (Id. at 6)

The Sherry and the Law Firm Defendants have moved to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. Nos. 31, 33)  This Court referred Defendants' motions to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R&R").  (Dkt. No. 37)  Judge Netburn has issued an R&R recommending that the Court grant Defendants' motions to dismiss.  (R&R (Dkt. No. 82))  Olsen has submitted objections to the R&R.  (Pltf. Obj. (Dkt. No. 84))

Also pending before this Court are Olsen's objections to Judge Netburn's denial of his motions to strike Defendants' motions to dismiss and reply briefs (Dkt. Nos. 65, 75), and Olsen's motion to disqualify Stroock from representing the Law Firm Defendants (Dkt. No. 42).

For the reasons stated below, Olsen's objections to the R&R will be overruled, and this Court will adopt the R&R's recommendation that the Complaint be dismissed.  Olsen's objections to Judge Netburn's denial of his motions to strike will also be overruled, and Olsen's motion to disqualify will be denied as moot.

## BACKGROUND

### I.    DE LA FUENTE'S APPLICATION[3]

In December 2016, an apartment in the Sherry owned by Ninotchka Manus (the "Apartment") was put up for sale by a Chapter 7 bankruptcy trustee (the "Trustee"), pursuant to

---

[2]  Olsen also names "the individual shareholders/proprietary lessees and residents of the Sherry" as Defendants.  (Cmplt. (Dkt. No. 2) at 1, 25)

[3]  The following facts are drawn from the Complaint and are presumed true for purposes of resolving Defendants' motions to dismiss.  See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

11 U.S.C. § 363(b)(1).  (See Cmplt. (Dkt. No. 2) at 10-11; In Re: Ninotchka Manus, No. 05-10338 (SCC) (Bankr. S.D.N.Y.))  Two potential purchasers bid on the Apartment.  (Cmplt. (Dkt. No. 2) at 11, 19)  De La Fuente offered the higher bid -- $1,275,000 -- and signed a bid contract that required him to make a $100,000 non-refundable deposit to the Trustee.  (Id. at 11, 20, 23)  As required by that contract, De La Fuente submitted an application to purchase the Apartment to the Board.  In connection with his application, De La Fuente provided the Board with financial statements, social references, information concerning his memberships in private clubs, and magazine clippings describing his career as a real estate developer and the properties he owns around the world.  (Id. at 11-12, 24)  In January 2017 – before the Bankruptcy Court entered a Sale Order authorizing the Sherry to consider De La Fuente's application – the Board rejected De La Fuente's application.  (Id. at 12, 24)  The Board did not provide De La Fuente with a written explanation for the rejection, and the Trustee did not return De La Fuente's $100,000 deposit.  (Id. at 12, 24-25)  The Board subsequently authorized the Sherry to purchase the Apartment for $990,000.  (Id. at 13, 25)

## II.   THE *DE LA FUENTE* ACTION

In June 2017, De La Fuente sued the Sherry, the Sherry's shareholders, lessees, and residents, and the Board alleging that the Board rejected his application because he is Mexican-American.  See De La Fuente v. The Sherry Netherland, Inc., No. 17 Civ. 4759 (PAE) (the "De La Fuente action").  De La Fuente's Second Amended Complaint asserts (1) housing discrimination claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1982 (Counts One and Two); (2) a public accommodations claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. (Count Three); (3) disparate treatment and impact claims under the FHA (Counts Four and Five); (4) a claim under

the New York State Human Rights Law, N.Y. Exec. Law § 296(5)(a)(2) (Count Six); (5) a claim

under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)-(5) (Count

Seven); and (6) a claim under the New York Civil Rights Law, N.Y. Civ. Rights Law § 19-a

(Count Eight). De La Fuente, No. 17 Civ. 4759 (PAE), Second Am. Cmplt. (Dkt. No. 41) at 19-

28.

Judge Engelmayer dismissed a number of De La Fuente's claims, and later

granted the Sherry Defendants summary judgment on De La Fuente's remaining claims. See De

La Fuente, No. 17 Civ. 4759 (PAE), March 27, 2018 Op. & Order ("March 27, 2018 Dismissal

Decision") (Dkt. No. 62) (dismissing disparate impact and public accommodation claims;

denying the Sherry Defendants' motion to dismiss as to disparate treatment and other housing

discrimination claims); July 30, 2019 Op. & Order ("July 30, 2019 Summary Judgment

Decision") (Dkt. No. 140) (granting the Sherry Defendants summary judgment as to De La

Fuente's remaining claims).

In granting the Sherry Defendants summary judgment, Judge Engelmayer found

that – although De La Fuente had made out a prima facie case of housing discrimination – the

Sherry Defendants had proffered three non-discriminatory reasons for the Board's rejection of

De La Fuente's application. De La Fuente, No. 17 Civ. 4759 (PAE), July 30, 2019 Summary

Judgment Decision (Dkt. No. 140) at 23-33. These reasons – which were reflected in a report

prepared by Stroock (the "Stroock Report") to aid the Board in its consideration of De La

Fuente's application – include:  (1) the Federal Deposit Insurance Corporation's decision to

impose a lifetime sanction on De La Fuente as a result of financial misconduct during his time as

the director of First International Bank; (2) that De La Fuente was associated with approximately

sixty lawsuits, reflecting "excessive[] litigious[ness]"; and (3) concerns that De La Fuente did

4

not have sufficient income and liquid assets to cover the cash purchase price and maintenance charges for the Apartment. (Id. at 26-29) Judge Engelmayer also concluded that De La Fuente had failed to meet his burden of showing that the Board's proffered reasons for rejecting his application were pretextual. (Id. at 29-33)

De La Fuente moved for reconsideration pursuant to Fed. R. Civ. P. 59(e). De La Fuente, No. 17 Civ. 4759 (PAE), Aug. 27, 2019 Motion to Set Aside Judgment (Dkt. No. 142). De La Fuente argued, inter alia, that Judge Engelmayer had improperly resolved material issues of fact in relying on the Stroock Report. De La Fuente argued that the Stroock Report was undated, unauthenticated, and inadmissible, and that Judge Engelmayer had erred in concluding that the Board had received the Stroock Report at the time De La Fuente's application was rejected. De La Fuente, No. 17 Civ. 4759 (PAE), (Dkt. No. 142-1) at 12-16. De La Fuente also argued that there was a material issue of fact as to whether the Board had actually conducted a vote on De La Fuente's application, or whether Defendant Horvitz – the President of the Board – had made the decision himself, without subsequent ratification by the Board. (Id. at 11-12) De La Fuente further argued that the court could not rely on the Stroock Report because it had not been produced during discovery. (Id. at 13-14 (citing Fed. R. Civ. P. 16(a)(1)(A)(ii) and 37(c)))

Olsen appeared pro se in the De La Fuente action, and separately moved to vacate the judgment, pursuant to Fed. R. Civ. P. 59(b), on similar grounds. De La Fuente, No. 17 Civ. 4759 (PAE), (Dkt. Nos. 143 and 143-1).

Olsen also moved to join the De La Fuente action as a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(i), stating that he has an interest in the action "as a partial assignee of [De La Fuente's] causes of action against Defendants." De La Fuente, No. 17 Civ. 4759 (PAE), Sept.

4, 2019 Olsen Motion (Dkt. No. 149) at 1; see also De La Fuente, No. 17 Civ. 4759 (PAE), Sept.

4, 2019 Olsen Ltr. (Dkt. No. 150).

    On September 16, 2019, Judge Engelmayer denied De La Fuente's and Olsen's

motions.  De La Fuente, No. 17 Civ. 4759 (PAE), Sept. 16, 2019 Op. & Order ("Sept. 16, 2019

Decision Denying Motion to Reconsider") (Dkt. No. 155).  As to Olsen's motion to join the

action, Judge Engelmayer noted that,

> apart from the belated nature of this motion, Olsen has failed to demonstrate that he was a
> required party, as set out in Rule 19(a)(1)(B).  Because he is entitled to bring his own
> action against the Sherry, he has not shown that his absence from this case "as a practical
> matter impair[s] or impede[s] [his] ability to protect the interest" he has in the case, as
> required by Rule 19(a)(1)(B)(i).  Nor has he shown that he would be "subject to a
> substantial risk of incurring double, multiple, or otherwise inconsistent obligations
> because of the interest, as required by Rule 19(a)(1)(B)(ii).  And Olsen made no effort to
> join the case as a party until after summary judgment had been entered against the
> existing plaintiff.  In the interest of completeness, the Court nevertheless considers
> Olsen's third-party motion for reconsideration on the merits.

(Id. at 2 n.2 (alterations in De La Fuente order))

    As to De La Fuente's and Olsen's motions for reconsideration, Judge Engelmayer

concluded that De La Fuente and Olsen "simply reassert arguments that the Court previously

considered and rejected in granting defendants' motion for summary judgment."  (Id. at 3)  Judge

Engelmayer noted that, in granting the Sherry Defendants summary judgment, he had explained,

inter alia, that the Board minutes from January 10, 2017 – in which Horvitz presented his

recommendation that the Board reject De La Fuente's application – "'attribute[d] the denial [of

the application] . . . to 'the litigation report,' a clear reference to Stroock's report.'"  (Id. at 4

(quoting De La Fuente, No. 17 Civ. 4759 (PAE), July 30, 2019 Summary Judgment Decision

(Dkt. No. 140) at 29))  Judge Engelmayer also concluded there was no support for the arguments

that the minutes were falsified or that the Board did not reach a decision as to De La Fuente's

application at that meeting.  (Id. at 5)  Citing to a 2018 email between counsel, Judge

Engelmayer also concluded that "De La Fuente's claim not to have received [the Stroock Report] is a falsehood." (Id. at 4)

De La Fuente and Olsen appealed Judge Engelmayer's July 30, 2019 and September 16, 2019 orders. (See Notices of Appeal (Dkt. Nos. 156-57); see also Notice of Appeal (Dkt. No. 166)) On February 17, 2021, the Court of Appeals affirmed the judgment in De La Fuente. See De La Fuente v. Sherry Netherland, Inc., 845 F. App'x 29 (2d Cir. 2021).

## III.   THE INSTANT ACTION

On January 6, 2020, while the appeal in De La Fuente was pending, Olsen filed the instant action. Olsen brings claims against the Sherry and its Board, and against Stroock lawyers Sasson and Mechling, who were not parties to the De La Fuente action. (Cmplt. (Dkt. No. 2)) Olsen states that he is the assignee of De La Fuente and that he "was authorized to bring this action under a prior [j]udgment" in the De La Fuente action. (Id. at 3)

Olsen's Complaint asserts (1) housing discrimination claims under the FHA and the Civil Rights Act of 1866 (Counts One and Two); (2) a public accommodations claim under Title II of the Civil Rights Act of 1964 (Count Three); (3) disparate treatment and impact claims under the FHA (Counts Four and Five); (4) a claim under the New York State Human Rights Law (Count Six); and (5) a claim under New York City Human Rights Law (Count Seven). (Id. at 25-37)

In addition to these claims – all of which are pled in De La Fuente's Second Amended Complaint – the Olsen Complaint alleges fraudulent inducement and breach of the implied covenant of good faith and fair dealing (Counts Eight and Nine). (Id. at 33-36) In Count Ten, Olsen states that he "seeks a ruling that the litigation record [contained in the Stroock Report] was a pretext." (Id. at 37) The Sherry Defendants are named in all ten counts of the

Olsen Complaint. The Law Firm Defendants are named only in Counts Eight, Nine, and Ten of the Olsen Complaint. (See id. at 25-37)

On July 3, 2020, this Court referred this action to Judge Netburn for general pretrial supervision. (Dkt. No. 6)

On May 6, 2021, the Sherry and the Law Firm Defendants separately moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. Nos. 31, 33), arguing primarily that Olsen's claims are barred by res judicata and collateral estoppel. (See Sherry MTD Br. (Dkt. No. 32); Law Firm MTD Br. (Dkt. No. 34)) The Law Firm Defendants also argue that the claims against them are barred by (1) New York's anti-SLAPP ("Strategic Litigation Against Public Participation") law, N.Y. Civ. Rights Law § 76-a; and (2) New York's litigation privilege. (Law Firm MTD Br. (Dkt. No. 34) at 7-9) On May 8, 2021, this Court referred these motions to Judge Netburn for an R&R. (Dkt. No. 37)

On July 9, 2021 – while Defendants were briefing their motions to dismiss – Olsen moved to disqualify Stroock from representing Sasson and Mechling under the "attorney-witness rule," arguing that Sasson, Mechling, and other attorneys at Stroock may be called as witnesses in this case. (Dkt. Nos. 42 and 42-1) Judge Netburn stayed Olsen's motion to disqualify. (Dkt. No. 48)

On July 20 and 22, 2021, Olsen moved to strike Defendants' motions to dismiss and reply briefs. (Dkt. Nos. 49-50, 53-54) Olsen complained that Defendants' reply papers – which had been timely filed on ECF (see Dkt. Nos. 44, 46) – had not been timely served on him, and that he had "needed to engage the services of an attorney to download said documents . . . from Pacer." (July 20, 2021 Br. (Dkt. No. 50) at 2; July 22, 2021 Br. (Dkt. No. 54) at 3-4) Olsen also argued that the reply briefs improperly raised new arguments, and should also be

struck on that ground.  (July 20, 2021 Br. (Dkt. No. 50) at 2; July 22, 2021 Br. (Dkt. No. 54) at 4)

On July 28, 2021, Judge Netburn denied Olsen's motions to strike, noting that while the Law Firm Defendants "were unquestionably late in serving [Olsen] with their reply brief" – amounting to a ten-day delay – this "delay did not cause [Olsen] any harm and did not prejudice him."  (July 28, 2021 Order (Dkt. No. 63) at 1-2)  In so ruling, Judge Netburn noted that certificates of service filed by the Sherry Defendants indicate that they had timely served Olsen with their reply papers via email on July 12, 2021 – when the reply papers were due – and had re-served Olsen with the reply papers via regular mail on July 27, 2021.  (Id. (citing Dkt. No. 59-60))

Judge Netburn also noted that Olsen's briefs in support of his motions to strike "appear[] to address the merits of the Defendants' reply brief[s]."  (Id. at 2)  Construing Olsen's brief as a "sur-reply filed without prior leave of [the] Court," Judge Netburn stated that "the Court will not rely on [Olsen's] sur-reply when evaluating Defendants' motion to dismiss."  (Id.)

On August 10, 2021, Olsen filed a motion to reconsider the denial of his motions to strike.  (Dkt. No. 65; see also Dkt. No. 75)  Judge Netburn construed this motion as a Fed. R. Civ. P. 72 objection to her July 28, 2021 Order.  (Dkt. No. 74)  Judge Netburn also stated that the matter was fully briefed, and that no further replies would be permitted.  (Id.)  Olsen subsequently filed additional briefing concerning this issue.  (See Dkt. Nos. 75-77, 80)

On January 21, 2022, Judge Netburn issued an R&R in which she recommends that Defendants' motions to dismiss be granted on grounds of, inter alia, res judicata and collateral estoppel.  (R&R (Dkt. No. 82))

On February 4, 2022, Olsen filed objections to the R&R.  (Dkt. No. 83; see also

Dkt. No. 84 (corrected version))  On February 22, 2022, Defendants filed responses to the

objections.  (Dkt. Nos. 85-86)  On February 23, 2022, Olsen filed a letter providing supplemental

authority to the Court.  (Dkt. No. 88; see also Dkt. No. 90)

## IV.   THE REPORT AND RECOMMENDATION

### A.   Claims Against the Sherry Defendants

In their motion to dismiss, the Sherry Defendants argue that res judicata bars

Olsen's first seven claims against them, because these claims are "essentially identical to those

asserted unsuccessfully by his assignor Mr. De La Fuente."  (Sherry MTD Br. (Dkt. No. 32) at 8-

10)  The Sherry Defendants further argue that Counts Eight through Ten – which raise claims not

previously asserted by De La Fuente – are also barred by res judicata because these claims could

have been raised in the De La Fuente action.   (Id. at 10-11; see also id. at 10 (comparing

claims))

In her R&R, Judge Netburn sets forth the law regarding res judicata:

"Under res judicata, a final judgment on the merits of an action precludes the parties or
their privies from relitigating issues that were or could have been raised in that action."
Allen v. McCurry, 449 U.S. 90, 94 (1980).  "The doctrine bars later litigation if 'an
earlier decision was (1) a final judgment on the merits, (2) by a court of competent
jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the
same cause of action.'"  Cho v. Blackberry Ltd., 991 F.3d 155, 168 (2d Cir. 2021)
(quoting EDP Med. Comput. Sys., Inc. v. United States, 430 F.3d 621, 624. (2d Cir.
2007)). . . .

"Although there is no generally prevailing definition of privity which can be
automatically applied to all cases, it is abundantly clear that the defense of res judicata
applies against an assignee as it does against his assignor."  Savini v. Sheriff of Nassau
Cty., 209 F. Supp. 946, 952 (E.D.N.Y. 1962); see also Taylor v. Sturgell, 553 U.S. 880,
894 (2008) (explaining that the nonparty preclusion may be based on pre-existing
substantive legal relationships including that between an assignee and assignor); 7 West
75th St. Realty Co., LLC v. Citigroup, Inc., No. 13-cv-981 (PGG), 2015 WL 1514539, at
*26 (S.D.N.Y. Mar. 31, 2015) (holding that assignee plaintiff's claims were barred by res
judicata where assignor and defendant had previously litigated the matter in state court).

(R&R (Dkt. No. 82) at 7-8 (alterations in R&R omitted).

Applying these criteria, Judge Netburn concludes that all of Plaintiff's claims against the Sherry Defendants should be dismissed on res judicata grounds.  As to the first and second elements of res judicata – whether Olsen's claims against the Sherry Defendants were previously adjudicated on the merits by a court of competent jurisdiction – Judge Netburn notes that Judge Engelmayer properly exercised jurisdiction over De La Fuente's claims under 28 U.S.C. §§ 1331 and 1367.  (Id. at 8 n.4)  Judge Engelmayer dismissed De La Fuente's disparate impact and public accommodations claims for failure to state a claim, and granted the Sherry Defendants summary judgment on De La Fuente's remaining housing discrimination claims under the FHA, the Civil Rights Act of 1866, and other state and city laws.  (Id. at 8-9; see De La Fuente, No. 17 Civ. 4759 (PAE), March 27, 2018 Dismissal Decision (Dkt. No. 62); July 30, 2019 Summary Judgment Decision (Dkt. No. 140))  Because both dismissal for failure to state a claim and summary judgment constitute adjudications on the merits for purposes of res judicata – and the Judge Engelmayer's judgment became final when the Second Circuit rejected De La Fuente's appeal – Judge Netburn concludes that the first and second elements of res judicata are satisfied.  (See R&R (Dkt. No. 82) at 8-10 (citing Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009); Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 713-14 (2d Cir. 1977); and Cho, 991 F.3d at 160-61))  In so concluding, Judge Netburn notes that Judge Engelmayer – in denying De La Fuente's and Olsen's motions for reconsideration – considered and rejected the argument that the absence of a date on the Stroock Report proved that the Board had not yet received the Stroock Report when it rejected De La Fuente's application.  (Id. at 9 (citing Saabiraah El v. City of New York, No. 04-cv-1591 (LMM), 2007

WL 1834692, at *3-4 (S.D.N.Y. June 26, 2007)); see De La Fuente, No. 17 Civ. 4759 (PAE),

Sept. 16, 2019 Decision Denying Motion to Reconsider (Dkt. No. 155))

   Judge Netburn next considers the third element of res judicata: whether Olsen –

as De La Fuente's assignee – is in privity with De La Fuente. (R&R (Dkt. No. 82) at 9-10)

Olsen argues that he is not in privity with De La Fuente, because Olsen only became an assignee

after De La Fuente had commenced his action against the Sherry Defendants. (Pltf. Opp. (Dkt.

No. 40) at 8-9 ("'In the assignor-assignee relationship, privity must have arisen after the event

out of which the estoppel arises.'" (emphasis omitted) (quoting Gramatan Home Inv'rs Corp. v

Lopez, 46 N.Y.2d 481, 486 (1979))) Judge Netburn notes, however, that the Complaint in the

instant action only "generally allege[s]" that Olsen is in privity with De La Fuente (see Cmplt.

(Dkt. No. 2) at 3), and that, in his opposition brief, Olsen claims that De La Fuente assigned him

his interest before the judicial sale of the Apartment. (R&R (Dkt. No. 82) at 9; see Pltf. Opp.

(Dkt. No. 40) at 5, 8) Although "Olsen does not clearly state the nature of the assigned interest

in his complaint or brief," Judge Netburn notes that "De La Fuente previously testified that he

entered into a verbal contract with Olsen [during the proceedings in Bankruptcy Court] and

offered [Olsen] a two percent interest in any judgment in exchange for assistance with the

litigation." (R&R (Dk. No. 82) at 9; see De La Fuente, No. 17 Civ. 4759 (PAE), Def. Summary

Judgment Motion, Shapiro Decl., Ex. C (Dkt. No. 109-3) at 15-18) Judge Netburn concludes

that "Olsen's assigned interest in the potential judgment derives from the causes of action

asserted by De La Fuente, and so his claims are subject to preclusion regardless of the timing of

the assignment." (R&R (Dkt. No. 82) at 10)

   In reaching this conclusion, Judge Netburn distinguishes the cases cited by Olsen

(see Pltf. Opp. (Dkt. No. 40) at 8-9), noting that "[t]he assignments in the cases Olsen cites

concern property interests in real property and securities – not a legal claim." (R&R (Dkt. No. 82) at 9-10 (comparing Gramatan, 46 N.Y.2d 481 (assignment of interest in mortgage) and Teleprompter Corp. v. Polinsky, 447 F. Supp. 53, 56 n.5 (S.D.N.Y. 1977) (assignment of interest in stock subscription agreement), with 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., No. 13 Civ. 981 (PGG), 2015 WL 1514539, at *26 (S.D.N.Y. Mar. 31, 2015), aff'd, 771 F. App'x 498 (2d Cir. 2019) (assignment of interest in judgment)))

Judge Netburn also rejects Olsen's argument that Judge Engelmayer had given him "permission" to file the instant lawsuit. (Id. at 10 n.5; see Pltf. Opp. (Dkt. No. 40) at 7-8) In denying Olsen's motion to join the De La Fuente case as a party, Judge Engelmayer did "not give Olsen permission to sue [in a separate action], but rather explain[ed] one of the reasons why he was not a required party to De La Fuente's suit under Federal Rule of Civil Procedure 19(a)(1)(B)." (R&R (Dkt. No. 82) at 10 n.5; see De La Fuente, No. 17 Civ. 4759 (PAE), Sept. 16, 2019 Decision Denying Motion to Reconsider (Dkt. No. 155) at 2 n.1 ("Because he is entitled to bring his own action against the Sherry, he has not shown that his absence from this case 'as a practical matter impair[s] or impede[s] [his] ability to protect the interest' he has in the case, as required by Rule 19(a)(l)(B)(i)." (alterations in De La Fuente)))

As to the fourth element of res judicata – whether Olsen's claims against the Sherry Defendants involve the same causes of action as those in De La Fuente – Judge Netburn finds that Olsen's first seven claims against the Sherry Defendants are "indistinguishable" from those raised in the prior action. (R&R (Dkt. No. 82) at 10) Indeed, Olsen's first seven claims rely on the same factual allegations, cite to the same statutory provisions, seek the same relief, and are "virtually identical" to the claims in De La Fuente. (Id.; compare Cmplt. (Dkt. No. 2) with De La Fuente, No. 17 Civ. 4759 (PAE), Second Am. Cmplt. (Dkt. No. 41)) Similarly,

Olsen's tenth claim – that the absence of a date on the Stroock Report shows that the Board's use of the Stroock Report was pretextual – was raised in De La Fuente's motion for reconsideration. (R&R (Dkt. No. 82) at 10-11)  Finally, Judge Netburn finds that Olsen's eighth and ninth claims – for fraudulent inducement and for violation of the covenant of good faith and fair dealing in connection with De La Fuente's non-refundable deposit of $100,000 and the Board's rejection of his application – address the "exact transactions at issue in the previous case." (Id. at 11)  Since these claims "could have been raised in the prior action," Judge Netburn concludes that the eighth and ninth causes of action are likewise barred by res judicata. (Id. (citing Cho, 991 F.3d at 168-69))

Because all of Plaintiff's claims against the Sherry Defendants are barred by res judicata, Judge Netburn recommends that these claims be dismissed.  (Id.)

## B.   Claims Against the Law Firm Defendants

In their motion to dismiss, the Law Firm Defendants – who were not parties to the De La Fuente action – argue that Olsen's claims against them – asserted in Counts Eight, Nine, and Ten of the Complaint (Cmplt. (Dkt. No. 2) at 33-38) – are barred by collateral estoppel. (Law Firm MTD Br. (Dkt. No. 34) at 9-13)  In the alternative, the Law Firm Defendants argue that these counts should be dismissed under New York's anti-SLAPP law or New York's litigation privilege (id. at 7-9), and that Count Nine should be dismissed because the Law Firm Defendants were not parties to a contract with De La Fuente or Olsen (id. at 11 n.3).

In her R&R, Judge Netburn summarizes the legal standards for collateral estoppel:

"Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." Marvel Characters, Inc., 310 F.3d at 288.  Under federal law, collateral estoppel applies where "(i) an identical issue was raised in a previous proceeding; (ii) the

issue was actually litigated and decided in the previous proceeding against the party; (iii) the party had a full and fair opportunity to litigate the issue; and (iv) resolution of the issue was necessary to support a valid and final judgment on the merits." <u>Ferring B.V. v. Serenity Pharm., LLC</u>, 391 F. Supp. 3d 265, 282 (S.D.N.Y. 2019); <u>see also</u> <u>Gelb v. Royal Globe Ins. Co.</u>, 798 F.2d 38, 44 (2d Cir. 1986).

(R&R (Dkt. No. 82) at 12)

In applying these standards, Judge Netburn first considers whether the claims against the Law Firm Defendants raise issues that were litigated in the prior action. (<u>Id.</u> at 13-15)

In Olsen's eighth cause of action, he contends that the Law Firm Defendants conspired with the Sherry Defendants to fraudulently induce him to make a $100,000 deposit as a condition of his application. (Cmplt. (Dkt. No. 2) at 33-35) In Olsen's ninth cause of action, he asserts that the Law Firm and Sherry Defendants violated the implied covenant of good faith and fair dealing by requiring De La Fuente to make such a deposit, and then falsely informing him that the Board had rejected his application. (<u>Id.</u> at 35-36) Judge Netburn finds that these claims are premised on allegations that "Sherry . . . imposed conditions on De La Fuente that it did not require of other applications and failed to follow the standard process for considering applications." Judge Netburn further finds that "[t]hese factual questions were necessarily raised by the discrimination claims presented in the De La Fuente action." (R&R (Dkt. No. 82) at 13-14) Olsen's tenth cause of action is premised on his assertion that the absence of a date on the Stroock Report demonstrates that the Board's use of the report was pretextual. (Cmplt. (Dkt. No. 2) at 37) Judge Netburn finds that the question of whether the Board had the Stroock Report when it considered De La Fuente's application was raised in the prior litigation. (R&R (Dkt. No. 82) at 14) Accordingly, the first element for application of collateral estoppel is satisfied as to Counts Eight, Nine, and Ten. (<u>See</u> <u>id.</u>)

Judge Netburn next considers whether these common issues were actually litigated in the De La Fuente action.  In this regard, Judge Netburn notes that Judge Engelmayer made the following findings:  (1) the Sherry has at times required security deposits from prospective purchasers – including white applicants – whose primary residence or assets are located outside of the United States; (2) the argument that the Board did not have the Stroock Report when it considered De La Fuente's application is speculation; and (3) the Board unanimously rejected De La Fuente's application, with the exception of one Board member who was not present for the vote.  (Id. at 14-15 (citations omitted))  Given these findings, Judge Netburn concludes that Judge Engelmayer "soundly rejected the contentions that Olsen relies on in his eighth, ninth, and tenth causes of action."  (Id. at 15)

Judge Netburn also concludes that "De La Fuente, and, by extension, his assignee and privy Olsen, had a full and fair opportunity to litigate the case."  (Id.)  In this regard, Judge Netburn notes, inter alia, that the De La Fuente action was "vigorously" litigated for more than two years; De La Fuente had a strong incentive to litigate the factual issues involved here; and Olsen "attended hearings, spoke on behalf of De La Fuente, worked with De La Fuente's legal counsel, and filed documents with [Judge Engelmayer], including his motion for reconsideration."  (Id. (citing Law Firm MTD Reply Br. (Dkt. No. 44) at 4))

Finally, Judge Netburn concludes that the factual issues regarding the application process were necessary to the resolution of De La Fuente's housing discrimination claims.  (Id.)  In particular, in addressing De La Fuente's claims at summary judgment, it was necessary for Judge Engelmayer "to determine whether there was admissible evidence supporting De La Fuente's claim of an irregular application process."  (Id. at 16)

In sum, Judge Netburn recommends that Counts Eight, Nine, and Ten be dismissed as against the Law Firm Defendants as barred by collateral estoppel. (Id.)

Judge Netburn also concludes that Olsen's ninth cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed as to the Law Firm Defendants, because they did not enter into a contract with either De La Fuente or Olsen. (Id. at 18 (citing Keefe v. New York Law School, 71 A.D. 3d 569, 570 (1st Dep't 2010)))[4]

## V. **OLSEN'S OBJECTIONS**

In his objections to the R&R, Olsen argues that Judge Netburn erred in recommending dismissal on res judicata grounds. According to Olsen, "Judge Engelmayer ruled that Olsen could file his own action against Sherry, [and] that ruling . . . bar[s] [Judge Netburn] from recommending a different ruling." (Pltf. Obj. (Dkt. No. 84) at 6; see also id. at 10 ("'Res judicata does not apply when a cause of action has been expressly reserved for later adjudication'" (emphasis omitted) (quoting In re Ionosphere Clubs, Inc., 262 B.R. 604, 612 (Bankr. S.D.N.Y. 2001)))) Olsen emphasizes that Judge Engelmayer knew of his involvement in the De La Fuente action, but nevertheless stated that Olsen "could file his own action." (Id. at

---

[4] Judge Netburn rejects the Law Firm Defendants' arguments that Olsen's eighth and ninth causes of action should be dismissed under New York's Anti-SLAPP law, which requires a plaintiff to plead actual malice for certain actions "'involving public petition and participation.'" (R&R (Dkt. No. 82) at 17 (quoting N.Y. Civ. Rights Law § 76-a)) The Law Firm Defendants argue that the Anti-SLAPP law applies here, because they are accused of making misrepresentations in open court, during the Chapter 7 bankruptcy proceedings. (Law Firm MTD Br. (Dkt. No. 34) at 7-8) Judge Netburn concludes, however, that the sale of an apartment in bankruptcy proceedings is not a matter of "public interest" under the Anti-SLAPP law, and that Olsen is therefore not required to plead actual malice. (R&R (Dkt. No. 82) at 17-18 (citing Palin v. New York Times Co., 510 F. Supp. 3d 21, 25 (S.D.N.Y. 2020) and Time, Inc. v. Firestone, 424 U.S. 448, 457 (1976)))

Judge Netburn similarly concludes that New York's litigation privilege – which provides absolute immunity for statements made in open court – is not applicable here, because it addresses only defamation claims. (Id. at 18 (citing Front, Inc. v. Khalil, 24 N.Y.3d 713, 718 (2015)))

19) Olsen further argues that <u>res judicata</u> does not apply because the Sherry Defendants did not move under Fed. R. Civ. P. 19 to join him as a necessary party in the <u>De La Fuente</u> action. (<u>Id.</u>)

As to whether Olsen received his assignment prior to the commencement of the <u>De La Fuente</u> action, Olsen argues that Judge Netburn improperly took judicial notice of De La Fuente's deposition transcript, which led to her mischaracterizing Olsen's assigned interest. (<u>Id.</u> at 11-14) He also argues that the Sherry Defendants did not raise an issue concerning the scope of his assigned interest until their reply briefs, and therefore their arguments on this point cannot be considered. (<u>Id.</u> at 18) Olsen further argues that "[t]he R&R does not cite to a single case in which a preclusion doctrine was applied against an assignee whose assignment preceded commencement of the action in which the doctrine was said to have arisen." (<u>Id.</u> at 17)

Finally, Olsen argues that Judge Netburn erred in concluding that collateral estoppel precludes his claims against the Law Firm Defendants, because Judge Engelmayer did not address De La Fuente's $100,000 deposit. (<u>Id.</u> at 22-24)

## DISCUSSION

## I.     LEGAL STANDARD

### A.     Review of a Magistrate Judge's Order Concerning a Non-Dispositive Matter

Under Rule 72 of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' if the reviewing court is left with the definite and firm conviction that a mistake has been committed." <u>R.F.M.A.S., Inc. v. So</u>, 748 F. Supp. 2d 244, 248 (S.D.N.Y. 2010) (quotation marks and citation omitted). "Similarly, a finding is contrary to law when it fails to apply or

misapplies relevant statutes, case law, or rules of procedure." Id. (quotation marks and citations omitted). "This is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (citations omitted).

**B.    Review of a Magistrate Judge's Report and Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in Phillips) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citations omitted); see also Ortiz v. Barkley, 558 F.

Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

### C.   Rule 12(b)(6) Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . , the court is to accept as true all facts alleged in the complaint," Kassner, 496 F.3d at 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).

"A pro se litigant's submissions are held to 'less stringent standards than [those] drafted by lawyers.'" Whitfield v. O' Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (alterations in Whitfield) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Where a "plaintiff is proceeding pro se, the Court construes the complaint liberally, interpreting it to raise the strongest arguments that it suggests.'" Braxton v. Nichols, No. 08 Civ. 08568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010) (quotation marks, alteration,

and citations omitted).  However, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact.'"  Whitfield, 2010 WL 1010060, at *4 (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." (quotation marks, alteration, and citation omitted)).

Res judicata and collateral estoppel challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc., 652 F. Supp. 2d 463, 470 (S.D.N.Y. 2009) (citations omitted).

## II.    **ANALYSIS**

### A.    **Olsen's Motions to Strike**

Olsen has filed objections to Judge Netburn's July 28, 2021 Order (Dkt. No. 63) denying his motions to strike Defendants' motions to dismiss and reply briefs.  In her order, Judge Netburn concludes that, while the Law Firm Defendants did not timely serve Olsen with their reply brief, Olsen suffered no prejudice from the delay.  Judge Netburn notes that the Sherry Defendants' reply papers – which raise many of the same arguments made by the Law Firm Defendants – were timely served.  (See July 28, 2021 Order (Dkt. No. 63))

Olsen's objections to Judge Netburn's motion to strike order are set forth in at least four separate briefs.  (See Dkt. Nos. 66, 69, 75-77, 80)  Olsen argues, inter alia, that Judge Netburn erred in denying his motions to strike because (1) the Law Firm Defendants' reply brief was not timely served; and (2) the Sherry Defendants did not provide adequate proof of service of their reply papers.  (See, e.g., Aug. 8, 2021 Objection (Dkt. No. 66) at 2-6)

This Court has reviewed Olsen's arguments, and concludes that he has not demonstrated that Judge Netburn committed clear error.  Under Fed. R. Civ. P. 6(b)(1)(B), a court is permitted to extend the time for parties to comply with certain deadlines after that deadline has passed "if the party has failed to act because of excusable neglect."  In considering whether a party satisfies this requirement, a court may take into account "all relevant circumstances surrounding the party's [delay], including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."  Raymond v. Int'l Bus. Machines Corp., 148 F.3d 63, 66 (2d Cir. 1998) (quotation marks and citation omitted).  Here, Judge Netburn properly concluded that there was no prejudice to Olsen by the Law Firm Defendants' delay; indeed, Olsen acknowledges that he was able to access Pacer and download the Law Firm Defendants' reply brief before filing his motion to strike on July 22, 2021 – ten days after the replies were due.  (See Aug. 13, 2021 Objection (Dkt. No. 69) at 5 (noting that Olsen hired an attorney to monitor Pacer on his behalf))  There is likewise no error in Judge Netburn taking notice of the Sherry Defendants' certificates of service as proof that their reply papers were timely served.

Accordingly, Olsen's objections to Judge Netburn's July 28, 2021 Order are overruled.

**B.**      **Review of Judge Netburn's Report and Recommendation**

   **1.**      **Olsen's Objections as They Relate to the Sherry Defendants**

In his objections, Olsen contends that (1) Judge Engelmayer's decision denying Olsen's motion to intervene renders res judicata inapplicable here; and (2) the scope and timing of Olsen's assignment are such that Olsen and De La Fuente are not in privity with each other.  (See Pltf. Obj. (Dkt. No. 84) at 5-22)  To the extent that Olsen's arguments concerning these

points do not merely "rehash[]" the same arguments he made in his opposition brief (compare id., with Pltf. Opp. (Dkt. No. 40) at 7-9), they will be reviewed de novo. See Phillips, 955 F. Supp. 2d at 211.

        As an initial matter, nothing in Judge Engelmayer's decision denying Olsen's motion to intervene – including his statement that "[Olsen] is entitled to bring his own action against the Sherry" – renders the res judicata doctrine inapplicable here. Judge Engelmayer's comment was directed towards the requirements of Fed. R. Civ. P. 19, which addresses the "required joinder of parties." Judge Engelmayer was not addressing the possible applicability of res judicata to unspecified claims that Olsen might bring in a future lawsuit.

        As discussed above, Olsen moved to intervene in De La Fuente after Judge Engelmayer granted summary judgment to the Sherry Defendants. De La Fuente, No. 17 Civ. 4759 (PAE), Sept. 16, 2019 Decision Denying Motion to Reconsider (Dkt. No. 155) at 2 n.1. In denying Olsen's motion to intervene as "belated," Judge Engelmayer noted that Olsen had "made no effort to join the case as a party until after summary judgment had been entered against the existing plaintiff." (Id.) Given that Olsen had had notice of the De La Fuente litigation, and indeed had been actively involved in that litigation since its inception, see, e.g., De La Fuente, No. 17 Civ. 4759 (PAE), Aug. 29, 2019 Def. Ltr. (Dkt. No. 144) (seeking clarification from the Court as to whether Defendants should respond to Olsen's motion for reconsideration and noting that, while "Mr. Olsen is not an attorney . . . , he has . . . identified himself as the paralegal of Frederick Cains, [De La Fuente's] New York counsel of record."), Judge Engelmayer correctly rejected Olsen's attempt to intervene in the case after Judge Engelmayer had granted summary judgment to the Sherry Defendants, thus bringing the litigation before him to a close.

Judge Engelmayer also correctly concluded that Olsen did not qualify as a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(i) (see De La Fuente, No. 17 Civ. 4759 (PAE), Sept. 16, 2019 Decision Denying Motion to Reconsider (Dkt. No. 155) at 2 n.1), although this Court's reasoning is different than that articulated by Judge Engelmayer.  Olsen was not a necessary party to the De La Fuente litigation because he is – as Judge Netburn found – in privity with De La Fuente.  Accordingly, there was no reason to believe that Olsen's interest would, "as a practical matter," be "impair[ed] or impede[d]" if he were not a party to the case.  See Fed. R. Civ. P. 19(A)(1)(B)(i).  Because Olsen was in privity with De La Fuente, De La Fuente had the same motive as Olsen to ensure that their mutual interests were not "impair[ed] or impede[d]." In any event, Olsen did not challenge Judge Engelmayer's ruling that he was not a necessary party under Fed. R. Civ. P. 19, and res judicata bars him from doing so now.

As to Olsen's arguments regarding the nature of his assigned interest, this Court finds no error in Judge Netburn's conclusion that "Olsen's interest in the case derives directly from De La Fuente's extinguished claims."  (R&R (Dkt. No. 82) at 9)  While Olsen argues that he was assigned "a percentage of all claims in the case, [and was] not restricted to only a share of a potential monetary judgment" (see Pltf. Obj. (Dkt. No. 84) at 12), this distinction is not material to Judge Netburn's conclusion.  Indeed, whether Olsen was assigned "a percentage of all claims" or a "share of a potential monetary judgment," he acknowledges that "[De La Fuente made a partial assignment to [Olsen] to enable him to file the instant lawsuit against the Defendants."  (Id.; see also Olsen Decl. (Dkt. No. 43) at 1 ("I received an assignment from Roque De La Fuente of all of his causes of action against all Defendants herein in 2016."))

Judge Netburn therefore correctly concludes that his interest in the case derives from De La Fuente's claims.[5]

Olsen does not dispute that res judicata can preclude an assignee from relitigating unsuccessful claims of an assignor. See Savini v. Sheriff of Nassau Cty., 209 F. Supp. 946, 952 (E.D.N.Y. 1962) ("[T]he defense of res judicata applies against an assignee as it does against his assignor." (citations omitted)).  Olsen argues, however, that he and De La Fuente are not privies, because "the timing of [his] assignment preceded [the De La Fuente] action."  (Pltf. Obj. (Dkt. No. 84) at 14)  Olsen goes on to complain that Judge Netburn – in rejecting Olsen's argument – "does not cite to a single case in which a preclusion doctrine was applied against an assignee whose assignment preceded commencement of the action."  (Id. at 14-17)  Olsen is mistaken.

In her R&R, Judge Netburn cites 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., 2015 WL 1514539, at *26 (S.D.N.Y. Mar. 31, 2015), a case in which this Court applied res judicata to an assignee whose assignment preceded the commencement of that action.  (R&R (Dkt. No. 82) at 9-10)  Judge Netburn also distinguishes the cases cited by Olsen (see Pltf. Opp. (Dkt. No. 40) at 8-9), noting that the assignments in those cases "concern property interests in

---

[5]  Olsen argues that the Sherry Defendants raise the issue regarding the scope of Olsen's assignment for the first time in their reply brief, and that this Court thus cannot consider this argument. (Pltf. Obj. (Dkt. No. 84) at 18)  This is not accurate.  The Sherry Defendants raised the issue of privity in their moving brief (see Sherry MTD Br. (Dkt. No. 32) at 8-9), and their argument regarding the scope of Olsen's assigned interest was made in response to Olsen's related argument regarding the timing of his assignment (see Pltf. Opp. (Dkt. No. 40) at 8-9).  Accordingly, the Sherry Defendants' arguments can properly be considered by this Court.  See Bravia Cap. Partners, Inc. v. Fike, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." (quotation marks and citation omitted)).

Olsen also argues that it was improper for Judge Netburn to take judicial notice of De La Fuente's deposition transcript in characterizing the scope of his assigned interest.  (See Pltf. Obj. (Dkt. No. 84) at 11-14)  As discussed above, however, Olsen does not dispute that he was assigned a partial interest in the legal claims arising out of the sale of the Apartment.

real property and securities – not a legal claim." (R&R (Dkt. No. 82) at 9-10 (comparing Gramatan, 46 N.Y.2d at 486-87 (assignment of mortgage) and Teleprompter, 447 F. Supp. at 56 n.5 (assignment of interest in stock subscription agreement), with 7 West 57th St. Realty, 2015 WL 1514539, at *26 (assignment of legal claims)))

This Court concludes that Judge Netburn correctly found that Olsen and De La Fuente are in privity with each other, even assuming that Olsen was assigned an interest in De La Fuente's legal claims prior to De La Fuente filing suit against the Sherry Defendants.

Olsen does not otherwise object to Judge Netburn's res judicata analysis; accordingly, the remainder of her analysis is reviewed for clear error. As Judge Netburn accurately states, the doctrine of res judicata bars relitigation of claims "'if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" (Id. at 7 (quotation marks omitted) (quoting Cho, 991 F.3d at 168))

As to the first of these elements, Judge Engelmayer's decisions granting in part the Sherry Defendants' motion to dismiss, granting the Sherry Defendants' motion for summary judgment, and denying De La Fuente's and Olsen's motions to reconsider, constitute a final judgment on the merits. See De La Fuente, No. 17 Civ. 4759 (PAE), March 27, 2018 Dismissal Decision (Dkt. No. 62); July 30, 2019 Summary Judgment Decision (Dkt. No. 140); Sept. 16, 2019 Decision Denying Motion to Reconsider (Dkt. No. 155).

As to the second element – as Judge Netburn finds – Judge Engelmayer properly exercised jurisdiction over De La Fuente's claims under 28 U.S.C. §§ 1331 and 1367. (R&R (Dkt. No. 82) at 8 n.4)

As to the third element, as discussed above, Olsen – as an assignee of a partial interest in De La Fuente's legal claims – is in privity with De La Fuente for purposes of res judicata.

As to the fourth element, Judge Netburn correctly finds that (1) Olsen's first seven claims are identical to those raised in De La Fuente's Second Amended Complaint (compare Cmplt. (Dkt. No. 2) at 25-37, with De La Fuente, No. 17 Civ. 4759 (PAE), Second Am. Cmplt. (Dkt. No. 41) at 19-29); (2) Olsen's tenth claim was addressed by Judge Engelmayer in his decision denying De La Fuente's and Olsen's motions for reconsideration, see De La Fuente, No. 17 Civ. 4759 (PAE), Sept. 16, 2019 Decision Denying Motion to Reconsider (Dkt. No. 155) at 4-5; and (3) Olsen's eighth and ninth claims – raised for the first time in this case – could have been raised in the De La Fuente action.  (R&R (Dkt. No. 82) at 10-11)

Accordingly, Olsen's first seven claims – which are directed solely at the Sherry Defendants – are barred by res judicata and will be dismissed.  Olsen's eighth, ninth, and tenth claims are also barred by res judicata and will be dismissed as to the Sherry Defendants.[6]

### 2.    Olsen's Objections as They Relate to the Law Firm Defendants

In his objections, Olsen contends that "the issue of the $100,000 pre-contract deposit" "was not referenced in" and "was unnecessary to" Judge Engelmayer's summary judgment decision in De La Fuente, and that, accordingly, Judge Netburn erred in finding that his

---

[6] In his objections, Olsen argues that he should be given the opportunity to relitigate his claims because of certain errors made by De La Fuente's attorneys.  (Pltf. Obj. (Dkt. No. 82) at 19-22)  This argument does not permit Olsen to avoid the application of res judicata.  See Mahmood v. Rsch. in Motion Ltd., 905 F. Supp. 2d 498, 502 (S.D.N.Y. 2012), aff'd, 515 F. App'x 891 (Fed. Cir. 2013) ("[A party's claims] will be barred under res judicata because the party already had one bite at the apple[,] not because the second bite would necessarily taste the same (or be decided the same way) as the first.").

eighth cause of action for fraudulent inducement is – as to the Law Firm Defendants – barred by collateral estoppel.  (Pltf. Obj. (Dkt. No. 84) at 22-25)[7]

As Judge Netburn notes, "collateral estoppel applies where '(i) an identical issue was raised in a previous proceeding; (ii) the issue was actually litigated and decided in the previous proceeding against the party; (iii) the party had a full and fair opportunity to litigate the issue; and (iv) resolution of the issue was necessary to support a valid and final judgment on the merits.'"  (R&R (Dkt. No. 84) at 12 (quoting Ferring B.V., 391 F. Supp. 3d at 282))  Judge Netburn concludes that the factual issues raised in Olsen's eighth claim concerning the Sherry's application process and the Board's rejection of De La Fuente's application were actually litigated in the De La Fuente action and that resolution of these issues was necessary to support a final judgment in that case.  (Id. at 13-14)  Indeed, Judge Engelmayer's summary judgment decision directly addresses the question of whether the Sherry had imposed a deposit requirement for certain foreign applicants.  (Id. at 14; see De La Fuente, No. 17 Civ. 4759 (PAE), July 30, 2019 Summary Judgment Decision (Dkt. No. 140) at 4 & n.4 (noting that the Sherry has required certain foreign applicants – including Caucasian individuals from Australia, Italy, Canada, and Belgium – to make large security deposits))

---

[7]  Noting that there was never a contract between De La Fuente and the Law Firm Defendants, Judge Netburn finds that Olsen's ninth cause of action for breach of the implied covenant of good faith and fair dealing fails to state a claim against the Law Firm Defendants.  (R&R (Dkt. No. 82) at 18 (citing Keefe, 71 A.D. 3d at 570))  Olsen does not object to this finding.

Olsen likewise does not dispute that his tenth cause of action is – as to the Law Firm Defendants – barred by collateral estoppel.  (Id. at 16)

Having reviewed Judge Netburn's R&R concerning the ninth and tenth causes of action, this Court finds no error in her analysis.  Accordingly, Olsen's ninth and tenth causes of action will – as to the Law Firm Defendants – be dismissed.

Olsen argues, however, that a number of factual issues are at issue here that were not addressed by Judge Engelmayer, including that (1) the Law Firm Defendants allegedly told De La Fuente that it was a "custom and usage" in New York to require applicants to make a non-refundable deposit; and (2) De La Fuente was required to make his deposit before his application was accepted, unlike the applicants referenced by Judge Engelmayer. Olsen also claims that Judge Netburn "confus[ed]" the issue of deposits by mentioning foreign applicants, given that De La Fuente is "a natural born U.S. citizen . . . domicile[d] in San Diego, California." (See Pltf. Obj. (Dkt. No. 84) at 23-24) Olsen's arguments are not persuasive.

Collateral estoppel bars the re-litigation of an issue even where a litigant states that he would make new arguments in a later action. As Judge Netburn noted, "'[i]f the issues are merely [factual], they need only deal with the same past events to be considered identical.'" (R&R (Dkt. No. 82) at 12 (quoting Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 48 (2d Cir. 2014)))

Here, in his summary judgment decision resolving De La Fuente's discrimination claim, it was necessary for Judge Engelmayer to address, inter alia, De La Fuente's claim that the Sherry had imposed procedures and conditions on De La Fuente that it did not require of other applicants, including the $100,000 deposit requirement. (De La Fuente, No. 17 Civ. 4759 (PAE), July 30, 2019 Summary Judgment Decision (Dkt. No. 140) at 4 & n.4) Olsen's fraudulent inducement claim – like De La Fuente's discrimination claim – is premised on this central issue. Judge Engelmayer ruled against De La Fuente on this issue. Olsen, as De La Fuente's assignee, is bound by Judge Engelmayer's ruling.

In sum, Olsen's eighth claim for fraudulent inducement will – as to the Law Firm Defendants – be dismissed.

### III.   LEAVE TO AMEND

District courts "ha[ve] broad discretion in determining whether to grant leave to amend." Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000) (citations omitted).  Leave to amend may properly be denied in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see Murdaugh v. City of New York, No. 10 Civ. 7218 (HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." (citations omitted)).

In his objections, Olsen "seeks leave to replead his Eighth and Ninth Counts as against the Law Firm, and the Sherry under the doctrine of respondeat superior." (Pltf. Obj. (Dkt. No. 84) at 28)  Olsen does not explain how any amendment would cure the deficiencies identified by the Court above.  The res judicata and collateral estoppel findings made by Judge Netburn and this Court are not susceptible to cure.  Accordingly, this Court concludes that further amendment would be futile, and leave to amend will be denied.

### CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and the Complaint is dismissed with prejudice.  Olsen's objections to Judge Netburn's July 28, 2021 Order (Dkt. No. 63) are overruled.  Olsen's motion to disqualify Stroock from representing the

Law Firm Defendants is denied as moot.  The Clerk of Court is directed to terminate the motions

(Dkt. Nos. 31, 33, 42, 65, 75), and to close this case.

Dated: New York, New York
         September 30, 2022                    SO ORDERED.

                                               Paul G. Gardephe
                                               United States District Judge