UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REY OLSEN, as assignee of Roque De La Fuente,<br><br>      Plaintiff,<br><br>- against -<br><br>THE SHERRY NETHERLAND, INC., HOWARD M. LORBER, MICHAEL J. HORVITZ, WENDY CARDUNER, MARY MCINNIS BOIES, IRA A. LIPMAN, MARGORIE FISHER FURMAN, FREDERIC M. SEEGAL, ARNOLD S. GUMOWITZ, and EDWARD L. GARDNER, individually and as Directors of the corporate Defendant, THE SHAREHOLDERS/PROPRIETARY LESSEES AND RESIDENTS OF THE BUILDING OWNED BY THE CORPORATE DEFENDANT, CURTIS C. MECHLING, and GABRIEL SASSON,<br><br>      Defendants. | **ORDER**<br><br>20 Civ. 103 (PGG) (SN) |

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Rey Olsen moves for reconsideration of this Court's September 30, 2022 order dismissing the Complaint. For the reasons stated below, Plaintiff's motion will be denied.

**BACKGROUND**

**I. FACTS**

    The factual background of this case is set forth in detail in Magistrate Judge Sarah Netburn's January 21, 2022 Report and Recommendation ("R&R"), to which no party objected,

and which this Court adopted in a September 30, 2022 order. (R&R (Dkt. No. 82) at 2-5)[1]; Olsen v. Sherry Netherland, Inc., No. 20 Civ. 103 (PGG) (SN), 2022 WL 4592999, at *1-3 (S.D.N.Y. Sept. 30, 2022) (the "Dismissal Order"); see Hafford v. Aetna Life Ins. Co., No. 16 Civ. 4425 (VEC) (SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

In sum, Plaintiff Rey Olsen is an assignee of Roque De La Fuente, whose application to purchase a cooperative apartment in The Sherry-Netherland, Inc. ("the Sherry") was denied. In December 2016, De La Fuente bid on an apartment in the Sherry at a Chapter 7 bankruptcy sale. See Dismissal Order, 2022 WL 4592999, at *1. In January 2017, the Board rejected De La Fuente's application. Id.

In June 2017, De La Fuente sued the Sherry, the Sherry's shareholders, lessees, and residents, and members of the Board of Directors, alleging that the Board rejected his application because of his Mexican American heritage. Id. at *2 (citing De La Fuente v. The Sherry Netherland, Inc., No. 17 Civ. 4759 (PAE) (the "De La Fuente action")). Judge Engelmayer dismissed a number of De La Fuente's claims in a March 27, 2018 order, and on July 30, 2019, he granted the Sherry Defendants summary judgment on De La Fuente's remaining claims, finding that the Sherry Defendants' had legitimate, non-discriminatory reasons for rejecting De La Fuente's application. See De La Fuente, No. 17 Civ. 4759 (PAE), Dkt. No. 62 (dismissing De La Fuente's disparate impact and public accommodation claims); id., Dkt. No. 140 (granting the Sherry Defendants summary judgment on De La Fuente's remaining claims).

---

[1] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

Pro se Plaintiff Olsen then moved for reconsideration of the summary judgment decision (De La Fuente, No. 17 Civ. 4759 (PAE), (Dkt. Nos. 143 and 143-1)) arguing – inter alia – that he has an interest in the action "as a partial assignee of [De La Fuente's] causes of action against Defendants," and that he was a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(i). Id., Dkt. No. 149 at 1. On September 16, 2019, Judge Engelmayer denied Olsen's motions. See id., Dkt. No. 155.

On October 12, 2019, De La Fuente appealed Judge Engelmayer's July 30, 2019 decision granting defendants summary judgment. On February 17, 2021, the Second Circuit affirmed by summary order. See De La Fuente v. Sherry Netherland, Inc., 845 F. App'x 29, 34 (2d Cir. 2021).

## II. PROCEDURAL HISTORY

### A. The Complaint

On January 6, 2020, while the appeal in De La Fuente was pending, Olsen filed the instant Complaint against (1) the same Defendants named in De La Fuente (the "Sherry Defendants"); and (2) Curtis C. Mechling and Gabriel Sasson, Stroock Stroock & Lavan attorneys ("Stroock") who represented the Sherry in the sale of the apartment at issue (the "Law Firm Defendants"). (See Cmplt. (Dkt. No. 2)) Olsen alleged in the Complaint that, in 2016, De La Fuente had verbally assigned to Olsen part of De La Fuente's interest in claims related to the Sherry apartment. (Cmplt. (Dkt. No. 2) at 3 ¶ 5; see also July 8, 2021 Olsen Decl. (Dkt. No. 43) ¶ 1)

As De La Fuente's assignee, Olsen re-alleges seven claims pled in the De La Fuente action against the Sherry Defendants: (1) housing discrimination on the basis of race and ethnicity under the Fair Housing Act ("FHA") and the Civil Rights Act of 1866 (Counts One and Two); (2) a public accommodations claim under Title II of the Civil Rights Act of 1964 (Count

Three); (3) disparate treatment and impact claims under the FHA (Counts Four and Five); (4) violation of the New York State Human Rights Law (Count Six); and (5) violation of the New York City Human Rights Law (Count Seven). (Cmplt. (Dkt. No. 2) at 25-37 ¶¶ 1-57) Olsen also asserts two new claims – against the Law Firm Defendants – for fraudulent inducement and breach of the implied covenant of good faith and fair dealing (Counts Eight and Nine). (Id. at 33-36 ¶¶ 58-87) Finally, Olsen asserts a new claim against all Defendants, in which he seeks a ruling that a report prepared by Stroock for the Board of Directors – concluding that the Board had non-discriminatory reasons for rejecting De La Fuente's application – is pretextual (Count Ten). (Id. at 37 ¶¶ 88-93)

### B. The Dismissal Order

On May 6, 2021, the Sherry Defendants and the Law Firm Defendants moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that Olsen's claims are barred by res judicata and collateral estoppel. (See Sherry Def. MTD Br. (Dkt. No. 32); Law Firm Def. MTD Br. (Dkt. No. 34))

On May 8, 2021, this Court referred Defendants' motion to Judge Netburn for an R&R. (Referral Order (Dkt. No. 37)) On January 21, 2022, Judge Netburn issued a twenty-page R&R, recommending that Defendants' motions to dismiss be granted on grounds of, inter alia, res judicata and collateral estoppel. (R&R (Dkt. No. 82)) On February 7, 2022, Olsen filed objections to the R&R. (Pltf. Obj (Dkt. No. 84)) On September 30, 2022, this Court adopted the R&R in its entirety and dismissed the Complaint. See Dismissal Order, 2022 WL 4592999, at *16.

#### 1. Olsen's Claims Against the Sherry Defendants

In objecting to Judge Netburn's R&R, Olsen argued that (1) "Judge Engelmayer's decision denying Olsen's motion to intervene – including his statement that '[Olsen] is entitled to

4

bring his own action against the Sherry' – renders the res judicata doctrine inapplicable here"; and (2) "the scope and timing of Olsen's assignment are such that Olsen and De La Fuente not in privity with each other." See Dismissal Order, 2022 WL 4592999, at *12 (quoting first De La Fuente, No. 17 Civ. 4759 (PAE), Sept. 16, 2019 Order (Dkt. No. 155) at 2 n.1 and then citing Pltf. Obj. (Dkt. No. 84) at 5-22).

In reviewing Judge Netburn's R&R, this Court acknowledged that Judge Engelmayer's September 16, 2019 order only concluded that "Olsen did not qualify as a necessary party" under the joinder requirements of Rule 19, and did not address "the possible applicability of res judicata to unspecified claims that Olsen might bring in a future lawsuit." Dismissal Order, 2022 WL 4592999, at *12. In this regard, this Court quoted the following passage from Judge Engelmayer's decision concluding that Olsen was not a necessary party to the De La Fuente action:

> [A]part from the belated nature of this motion, Olsen has failed to demonstrate that he was a required party, as set out in Rule 19(a)(1)(B). Because he is entitled to bring his own action against the Sherry, he has not shown that his absence from this case "as a practical matter impair[s] or impede[s] [his] ability to protect the interest" he has in the case, as required by Rule 19(a)(1)(B)(i). Nor has he shown that he would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest, as required by Rule 19(a)(1)(B)(ii). And Olsen made no effort to join the case as a party until after summary judgment had been entered against the existing plaintiff. . . .

Id. at *3 (quoting De La Fuente, No. 17 Civ. 4759 (PAE), Dkt. No. 155 at 2 n.1).

This Court went on to explain that "Olsen was not a necessary party to the De La Fuente litigation because he is – as Judge Netburn found – in privity with De La Fuente," that is, "De La Fuente had the same motive as Olsen to ensure that their mutual interests were not 'impair[ed] or impede[ed].'" Id. at *12 (quoting Fed. R. Civ. P. 19(A)(1)(B)(i)). In this regard, this Court noted that "Olsen did not challenge Judge Engelmayer's ruling that he was not a

5

necessary party [to the De La Fuente action] under Fed. R. Civ. P. 19, and res judicata bars him from doing so now." Id.

This Court also found that Olsen and De La Fuente are in privity with each other for purposes of res judicata. Citing Olsen's claim that he was an assignee of De La Fuente, id. at *13 (citing Olsen July 8, 2021 Decl. (Dkt. No. 43)), this Court noted that, under New York law, an assignor-assignee relationship can constitute privity for purposes of res judicata. Id. (citing Savini v. Sheriff of Nassau Cty., 209 F. Supp. 946, 952 (E.D.N.Y. 1962) ("[T]he defense of res judicata applies against an assignee as it does against his assignor.") (citations omitted)).

In accepting Judge Netburn's analysis that Olsen was in privity with De La Fuente, this Court acknowledged Olsen's argument that he became an assignee before De La Fuente brought his action against the Sherry Defendants, and that therefore no privity existed between the two. Id. at *13; (see also Pltf. Obj. (Dkt. No. 84) at 14; Pltf. MTD Opp. (Dkt. No. 40) at 8-9 (quoting Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481 (1979) ("'In the assignor-assignee relationship, privity must have arisen after the event out of which the estoppel arises.'"))

While noting that Olsen had not clearly alleged – in either the De La Fuente action or in the instant action – when the assignment was established (R&R (Dkt. No. 82) at 9 ("Olsen does not clearly state the nature of the assigned interest in his complaint or brief")) – Judge Netburn concluded that "his claims are subject to preclusion regardless of the timing of the assignment," because "Olsen's assigned interest in the potential judgment derives from the causes of action asserted by De La Fuente." (Id. at 9-10)

This Court adopted Judge Netburn's analysis, noting that "even assuming that Olsen was assigned an interest in De La Fuente's legal claims prior to De La Fuente filing suit

6

against the Sherry Defendants," "Olsen and De La Fuente are in privity with each other" because Olsen's "interest in the case derives from De La Fuente's claims." Dismissal Order, 2022 WL 4592999, at *13.

### 2. **Olsen's Claims Against the Law Firm Defendants**

This Court dismissed Olsen's claims against the Law Firm Defendants as barred by collateral estoppel.

As discussed above, Olsen brought claims against the Law Firm Defendants for fraudulent inducement and violation of the covenant of good faith and fair dealing. (Cmplt. (Dkt. No. 2) ¶¶ 58-87) In asserting these claims, Olsen alleged that the Law Firm Defendants – in representing the Sherry Defendants – had imposed "pre-conditions" on De La Fuente that were not required of other applicants. Dismissal Order, 2022 WL 4592999, at *8-9 (citing Cmplt. (Dkt. No. 2) ¶¶ 58-87). Olsen argued that his claims against the Law Firm Defendants are not collaterally estopped by Judge Engelmayer's summary judgment decision in De La Fuente, because Judge Engelmayer had not addressed (1) factual issues concerning what the Law Firm Defendants had told De La Fuente about "precondition[s] [for] submitting an application" to purchase an apartment in the Sherry; and (2) "the issue of the $100,000 pre-contract deposit" that the Sherry Defendants required certain foreign applicants to pay. Id. at *15 (quoting Pltf. Obj. (Dkt. No. 84) at 22-25).

This Court found, however, that contrary to Olsen's argument these factual issues were litigated and decided in the De La Fuente action. These two causes of actions – like De La Fuente's discrimination claims – were "premised on the central issue" that "the Sherry had imposed procedures and conditions on De La Fuente that it did not require of other applicants, including the $100,000 deposit requirement." Id. Judge Engelmayer considered and rejected De La Fuente's arguments concerning these issues. See De La Fuente, No. 17 Civ. 4759 (PAE),

Dkt. No. 140 at 4, 23-33 (noting that the Sherry has required certain foreign applicants to make large security deposits, but rejecting De La Fuente's discrimination claim, because the Sherry Defendants had proffered legitimate, non-discriminatory reasons for their rejection of De La Fuente's application).[2]

Finally, this Court noted that Olsen did not dispute that his tenth cause of action – in which Olsen sought a ruling that the Stroock Report was pretextual – is barred by collateral estoppel. See Dismissal Order, 2022 WL 4592999, at *14 n.7.

C. **Plaintiff's Motion for Reconsideration**

On October 27, 2022, Olsen moved – pursuant to Fed. R. Civ. P. 59(e) – "to vacate [this Court's o]rder dismissing the case." (Pltf. Br. (Dkt. No. 96) at 17; see Pltf. Mot. (Dkt. No. 95) (moving under Fed. R. Civ. P. 59(e)) Olsen contends that reconsideration is warranted because the Dismissal Order "misapprehend[s]" facts and "overlooked controlling law." (Pltf. Br. (Dkt. No. 96) at 6-9)

According to Olsen, the Dismissal Order errs in stating that "there is automatic privity between all assignors and assignees." (Id. at 9) The Court also "misapprehended" the fact that "the partial assignment [was] made before [De La Fuente] commenced an action [against the Sherry Defendants]," and therefore, "whatever [De La Fuente] did . . . in his action [before Judge Engelmayer] does not bind Olsen as his assignee." (Id. at 5-6)

Olsen further contends that this Court misinterpreted 7 W. 57th St. Realty Co., 2015 WL 1514539, in which "[t]he assignment followed payment of a state court judgment." (Id. at 6) (emphasis omitted). According to Olsen, this Court should "abandon [7 W. 57th St.

---

[2] This Court also concluded that Olsen's good faith and fair dealing claim failed to state a claim under Rule 12(b)(6), because De La Fuente had never alleged that he entered into a contract with the Law Firm Defendants. See Dismissal Order, 2022 WL 4592999, at *14 n.7.

Reality Co.] as precedent," and hold that "res judicata and collateral estoppel have no application to a partial assignment[,] other than from a judgment entered against the assignor before a partial assignment is made." (Pltf. Reply (Dkt. No. 100) at 4)

Olsen also argues that this Court "overrul[ed]" Judge Engelmayer's "ruling that Olsen could bring his own action." (Pltf. Br. (Dkt. No. 96) at 15-16; see id. at 10 (arguing that "Olsen's motion to become a party to [the De La Fuente action] was denied but with encouragement to bring his own action")

Finally, Olsen contends that Judge Engelmayer – in granting the Sherry Defendants summary judgment – improperly relied on the Stroock Report, which was attached to a declaration submitted by Defendant Michael Horvitz of the Sherry Board of Directors. Olsen complains that the Stroock Report was not produced during discovery in De La Fuente and, in any event, is inadmissible hearsay. (Id. at 5, 12-14) Olsen argues that because Judge Engelmayer relied on inadmissible evidence, this Court erred in relying on his summary judgment decision for its res judicata effect. (Id. at 5, 11-14)

## DISCUSSION

### I. LEGAL STANDARDS

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" Walsh v. Townsquare Media, Inc., 565 F. Supp. 3d 400, 402 (S.D.N.Y. 2021) (quoting In re Gen. Motors LLC Ignition Switch Litig., 14 Md. 2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021)). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" RST (2005) Inc. v. Research in Motion

Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, . . . or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Rather, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "A district court 'has broad discretion in determining whether to grant a motion [for reconsideration].'" Cancel v. Nypd Comm'r Raymond Kelly, No. 13 Civ. 6007 (JMF), 2016 WL 1559166, at *1 (S.D.N.Y. Apr. 15, 2016) (quoting Baker v. Dorfman, 239 F.3d 415, 427 (2d Cir. 2000)).

Because Olsen appears pro se, this Court "construes his motion liberally and interprets it 'to raise the strongest arguments [it] suggest[s].'" Brown v. Nelson, No. 05 Civ. 4498 (RJS), 2008 WL 4104040, at *3 (S.D.N.Y. Aug. 29, 2008) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

## II.     ANALYSIS

As discussed below, Olsen provides no basis for this Court to grant reconsideration. He has not pointed to an intervening change in law, new evidence, or controlling law or facts that this Court overlooked. See Analytical Surveys, 684 F.3d at 52.

As an initial matter, Olsen errs in stating that this Court ruled that "there is automatic privity between all assignors and assignees." (Pltf. Br. (Dkt. No. 96) at 9)  This Court made no such ruling. While noting that privity can arise from an assignor/assignee relationship, see Dismissal Order, 2022 WL 4592999, at *13 (citing Savini v. Sheriff of Nassau Cty., 209 F. Supp. 946, 952 (E.D.N.Y. 1962) ("[T]he defense of res judicata applies against an assignee as it does against his assignor."), this Court addressed the merits of Olsen's argument that he was not in privity with De La Fuente because "'the timing of [his] assignment preceded [the De La Fuente] action.'" (Id. (quoting Pltf. Obj. (Dkt. No. 84) at 14))[3]  This Court concluded that the timing of the assignment was not material, because "Judge Netburn correctly found that Olsen and De La Fuente are in privity with each other [because –] even assuming that Olsen was assigned an interest in De La Fuente's legal claims prior to De La Fuente filing suit against the Sherry Defendants" – Olsen's "interest in the case derives from De La Fuente's claims." (Id.)

While Olsen repeats his argument that he is not in privity with De La Fuente because he "was the assignee of [] De La Fuente months before [De La Fuente] commenced" his

---

[3]  In summarizing the background of the case at an earlier point in the Dismissal Order, the Court erroneously stated that "Olsen argues that he is not in privity with De La Fuente, because Olsen only became an assignee after De La Fuente had commenced his action against the Sherry Defendants." Dismissal Order, 2022 WL 4592999, at *6 (citing Pltf. MTD Opp. (Dkt. No. 40) at 8-9). As discussed later in the Dismissal Order (id. at *13) and herein, Olsen argues that he is not bound by res judicata because he received the assignment before the De La Fuente action was filed. (Pltf. MTD Opp. (Dkt. No. 40) at 8)

action against the Sherry Defendants (Pltf. Br. (Dkt. No. 96) at 4-8; see also Pltf. MTD Opp. (Dkt. No. 40) at 8-9 (raising the same argument in opposing Defendants' motion to dismiss); Pltf. Obj. (Dkt. No. 84) at 13-15 (raising the same argument in objecting to R&R)), Olsen has cited no case suggesting that the timing of the assignment is material here.  Stated another way, Olsen has cited no case suggesting that he is not bound by res judicata because he received the assignment before De La Fuente filed his lawsuit before Judge Engelmayer.

"It is well settled in this Circuit that literal privity is not a requirement for res judicata to apply."  Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). Rather, "a finding of privity . . . depends on whether, under the circumstances, the interests of the nonparty were adequately represented."  Cohen v. Loc. 338, No. 08 Civ. 1151 (RJH), 2010 WL 3199695, at *8 (S.D.N.Y. Aug. 12, 2010) (quoting Amalgamated Sugar Co. v. NL Indus., Inc., 825 F.2d 634, 640 (2d Cir. 1987)).  Given that privity is a "functional inquiry" that does not depend on "the formalities of legal relationships," res judicata "may bar non-parties to earlier litigation not only when there was a formal arrangement for representation in, or actual control of, the earlier action but also when the interests involved in the prior litigation are virtually identical to those in later litigation."  Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345-46 (2d Cir. 1995); see also Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (quoting Chase Manhattan Bank, 56 F.3d at 345 for the same proposition); Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1233 (2d Cir. 1977) ("Whether [privity] is evident is a factual determination of substance, not mere form.").  In sum, a party "can be bound by [a] prior judgment 'if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.'"  Chase Manhattan Bank, 56 F.3d at 345-46 (quoting Aerojet-Gen. Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975)).

The record here contains the following facts demonstrating that Olsen and De La Fuente's interests are so closely aligned that is appropriate to view De La Fuente as Olsen's representative:

(1) Olsen "discussed with [De La Fuente] . . . the [$100,000 pre-contract] deposit [] and [they] both . . . believed that it was refundable." (June 28, 2021 Olsen Decl. (Dkt. No. 41) ¶ 5)

(2) In connection with De La Fuente's efforts to purchase an apartment at the Sherry, Olsen "'represent[ed]'" De La Fuente in "'some paperwork [they] submitted with the Bankruptcy Court'"; but because Olsen "'is not a lawyer,'" De La Fuente "'basically agreed with [Olsen] to assign him two percent of the case'" "'in order [for Olsen] to have standing [and] to be a part of the case.'" (Pltf. Obj. (Dkt. No. 84) at 13-14 (quoting De La Fuente, No. 17 Civ. 4759 (PAE), Def. Sum. J. Br., Shapiro Decl., Ex. C (Dkt. No. 109-3) at 15:25-18:11); see also Cmplt. (Dkt. No. 2) at 3 ¶ 5 ("Plaintiff is the assignee of Roque De La Fuente."); July 8, 2021 Olsen Decl. (Dkt. No. 43) ¶ 1 ("I received an assignment from Roque De La Fuente of all of his causes of action against all Defendants herein in 2016."))[4]

(3) Olsen "was present" at two hearings in the Chapter 7 bankruptcy case, In re Ninotchka Jannetje Manus, No. 05-10338 (SCC), on December 16, 2016 and January 4, 2017. (July 8, 2021 Olsen Decl. (Dkt. No. 43) ¶ 2) The bankruptcy judge "permitted [Olsen] to speak [at a conference]," at which Olsen "argued that it would be in the best interest of the Debtor and creditors for the apartment to sell for the highest possible price." (Id. ¶ 6)

(4) "[I]n early January 2017," De La Fuente met with the Chief Operating Officer of the Sherry, who "conveyed" to him that "the reason for his reject[ed]" housing application is "his ethnicity." (Cmplt. (Dkt. No. 2) at 21 ¶ 13) De La Fuente "[i]mmediately . . . informed Olsen as to his conversation," and "Olsen [took] notes." (Id. at 21-22 ¶ 20)

(5) Olsen states that "the impetus for [the instant] action" is Olsen's "legal research," which did not reveal "any authority permitting a Trustee to keep the deposit of a bidder." (June 28, 2021 Olsen Decl. (Dkt. No. 41) ¶ 6)

---

[4] While Olsen argues that it was improper for Judge Netburn to take judicial notice of De La Fuente's deposition transcript (Pltf. Obj (Dkt. No. 84) at 11-14), Olsen cites to this deposition in his objections to the R&R, and argues that it "supports [his] argument that he was assigned a partial interest . . . so that he would have independent standing to sue" in the bankruptcy proceeding. (Pltf. Obj. (Dkt. No. 84) at 13-14)

In sum, the undisputed facts demonstrate that De La Fuente's interests in the prior litigation are "virtually identical" to Olsen's interests in the instant litigation. See Cho, 991 F.3d at 169-70. De La Fuente consulted Olsen at multiple stages – for example, when he placed his deposit on the apartment at the Sherry and at the Chapter 7 bankruptcy sale – and assigned a portion of his litigation interest to Olsen in order to give Olsen standing to sue. It is thus clear that "the purpose of bringing these actions is the same for both" De La Fuente and Olsen. Yan Won Liao v. Holder, 691 F. Supp. 2d 344, 355 (E.D.N.Y. 2010) (barring a subsequent action where all the plaintiffs had the same "aligned" interests); see also Rojas v. Cigna Health & Life Ins. Co., 793 F.3d 253, 258-59 (2d Cir. 2015) (where "'an assignee seeking relief in court stands in the place of an assignor, there has been a substitution rather than an expansion of the parties,'" and an "'assignee acquires no greater rights . . . than his assignor'") (quoting first City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc., 156 F.3d 223, 228 (1st Cir. 1998), and then quoting Kissling v. Skolkin, 256 A.D. 935, 936 (2nd Dept. 1939)).

Moreover, as the Dismissal Order explains, "Olsen's first seven claims rely on the same factual allegations, cite to the same statutory provisions, seek the same relief, and are 'virtually identical' to the claims in De La Fuente." Dismissal Order, 2022 WL 4592999, at *7 (quoting R&R (Dkt. No. 82) at 10). Given that Olsen's claims and interests in this action are "virtually identical" to De La Fuente's claims and interests in the prior action, it is clear that he is seeking to relitigate claims that have already been adjudicated. Accordingly, Olsen has offered no basis for this Court to alter its conclusion that Olsen's claims against the Sherry Defendants are barred by res judicata.

In arguing that the timing of his assignment is crucial, Olsen cites to Gramatan Home Investors Corp. v. Lopez, 46 N.Y.2d 481 (1979). According to Olsen, Gramatan Home

14

Investors demonstrates that "there is no privity between [De La Fuente] and Olsen," "[b]ecause Olsen became the assignee before [De La Fuente] commenced his action against the Sherry and its Directors." (Pltf. Br. (Dkt. No. 96) at 8) (citing Pltf. MTD Opp. (Dkt. No. 40) at 8-9)

In Gramatan Home, the two defendants entered into an August 1974 retail installment contract with Vinyl Engineering. Gramatan Home, 46 N.Y. at 481. In September 1974, Vinyl Engineering assigned the contract to plaintiff. Two years after the assignment, the New York State Attorney General sued Vinyl Engineering for consumer fraud in Supreme Court, Albany County. While the consumer fraud action was pending, the assignee sued in Supreme Court, Saratoga County, seeking to recover payments from defendants that were due under the contract. As part of the consumer fraud action, the Albany state court voided the contract between Vinyl Engineering and the defendants as unconscionable. In the Saratoga state court case, defendants moved for summary judgment, arguing that the plaintiff assignee was collaterally estopped from arguing that the contract was enforceable. Id. at 484. The New York Court of Appeals rejected that argument, finding that the plaintiff assignee was not "afforded a full and fair opportunity to contest the [Albany court's] decision said to be dispositive of the present controversy." Id. at 485.

In so holding, the New York Court of Appeals stated that – for purposes of collateral estoppel –

> [t]he crucial inquiry focuses upon the juncture at which the relationship between the party to the first action and the person claimed to be his or her privy is established. In the assignor-assignee relationship, privity must have arisen after the event out of which the estoppel arises. Hence, an assignee is deemed to be in privity with the assignor where the action against the assignor is commenced before there has been an assignment. In that situation, at the time the assignee succeeded to the rights of the assignor, the subject matter of the assignment was then embroiled in litigation and was subject to the claims of third parties and the assignee is charged with notice that his rights to the assignment are subject to competing claim. Conversely, an assignee is not privy to a judgment where the

succession to the rights affected thereby has taken place prior to the institution of the suit against the assignor.

Id. at 486-87.

In sum, under Gramatan Homes, "an assignee is [not] charged with notice that his rights to the assignment are subject to [litigation]" where the assignment took "place prior to the institution of . . . suit against the assignor." Id. at 487. Gramatan Homes has no application here, because the facts of the instant case are entirely different.

De La Fuente was the plaintiff – and not the defendant – in the prior action before Judge Engelmayer. Prior to that litigation, De La Fuente assigned Olsen a two percent interest in "all of [De La Fuente's] causes of action against all Defendants." (July 8, 2021 Olsen Decl. (Dkt. No. 43) ¶ 1) De La Fuente made the assignment in order to give Olsen – who was assisting De La Fuente in asserting his rights vis a vis the Sherry Defendants and in bankruptcy court – standing and in order to make him "a part of the case." (Pltf. Obj. (Dkt. No. 84) at 13-14 (quoting De La Fuente, No. 17 Civ. 4759 (PAE), Def. Sum. J. Br., Shapiro Decl., Ex. C (Dkt. No. 109-3) at 15:25-16:12); see also Cmplt. (Dkt. No. 2) ¶ 5) Accordingly, Olsen was well aware – when he received the assignment – of the prospect of litigation. Indeed, he received the assignment because of the prospect of litigation. (See id.; see also June 28, 2021 Olsen Decl. (Dkt. No. 41) ¶ 6) (stating that Olsen conducted "legal research" concerning De La Fuente's right to recover his deposit)

In sum, this is "not a case where [Olsen has] had no chance to pursue [his] claims aggressively," Ruiz v. Comm'r of Dep't of Transp. of City of New York, 858 F.2d 898, 904 (2d Cir. 1988) (citing Gramatan Homes, 46 N.Y.2d at 485-86), or did not have "notice of a claim and an opportunity to be heard." Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1233 (2d Cir. 1977); see also Houck v. U.S. Bank N.A. et al., No. 15 Civ. 10042 (AJN), 2016 WL 5720783, at *5 n.5

16

(S.D.N.Y. Sept. 30, 2016) (finding privity between assignor and assignee, when interests to a deed of trust were assigned five months before litigation), aff'd sub nom. Houck v. U.S. Bank, N.A. for Citigroup Mortg. Loan Tr. 2007-AR5, 689 F. App'x 662 (2d Cir. 2017).

Given Olsen's "sufficiently close relationship" with De La Fuente, his claims against the Sherry Defendants are precluded by res judicata.[5]

As to Olsen's claims against the Law Firm Defendants, he does not appear to challenge this Court's decision to dismiss Counts Eight, Nine, and Ten as barred by collateral estoppel. See Dismissal Order, 2022 WL 4592999, at *14-15 & n.7. As discussed in the Dismissal Order, Olsen's claims against the Law Firm Defendants are premised on the same arguments made by De La Fuente before Judge Engelmayer: that the Sherry Defendants engaged in unlawful discrimination in rejecting De La Fuente's application. Id.; see also De La Fuente, No. 17 Civ. 4759 (PAE), Dkt. No. 140 at 4 & n.4. As discussed above, "'De La Fuente, and, by extension, his assignee and privy Olsen, had a full and fair opportunity to litigate the case,'" and Olsen is bound by Judge Engelmayer's ruling that the Sherry Defendants did not engage in unlawful discrimination. Id. at *9, *15 (quoting R&R (Dkt. No. 82) at 15).

As to Olsen's complaint that this Court "ignore[d]" Judge Engelmayer's September 16, 2019 order "advis[ing] Olsen that he was free to bring the instant action" (Pltf. Br.

---

[5] Olsen points out that – in discussing 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., 13 Civ. 981 (PGG), 2015 WL 1514539, at *26 (S.D.N.Y. Mar. 31, 2015) – this Court stated that that case involved "an assignee whose assignment preceded the commencement of [the prior] action." (Pltf. Br. (Dkt. No. 96) at 6); see Dismissal Order, 2022 WL 4592999, at *13. Olsen is correct that, in that case, the assignment of claims arising out of the first state court proceeding occurred "[a]fter satisf[action] [of] the state court judgment." 7 W. 57th St. Realty, 2015 WL 1514539, at *4. But the sequence of events in 7 W. 57th St. Realty does not change the fact that De La Fuente and Olsen had an identity of interest in the litigation before Judge Engelmayer, and that accordingly res judicata is properly applied as against Olsen in the instant litigation.

(Dkt. No. 96) at 5, 14-16), Olsen merely repeats an argument previously rejected. As explained in the Dismissal Order, "Judge Engelmayer did 'not give Olsen permission to sue [in a separate action], but rather explain[ed] one of the reasons why he was not a required party to De La Fuente's suit under Federal Rule of Civil Procedure 19(a)(1)(B).'" Dismissal Order, 2022 WL 4592999, at *7 (quoting R&R (Dkt. No. 82) at 10 n.5).

As to Olsen's complaint that Judge Engelmayer's July 30, 2019 summary judgment decision relies on inadmissible evidence, this same argument was twice rejected by Judge Engelmayer in De La Fuente, is rejected by Judge Netburn in her R&R, and was rejected by this Court in the Dismissal Order. Judge Engelmayer explained in his July 2019 order why the Stroock Report is admissible. See De La Fuente, No. 17 Civ. 4759 (PAE), Dkt. No. 140 at 29 (rejecting "De La Fuente's various suppositions – that Horvitz decided to oppose De La Fuente's application before receiving the report, that neither he nor the Board had received [the Stroock] report before deciding on that application, and that the Board's minutes are false in stating otherwise – [as] unsupported by any record evidence"); id., Dkt. No. 155 at 4 (citing the July 2019 Order (Dkt. No. 140) to explain that De La Fuente's "continue[d] insist[ence] that the litigation report . . . was not properly authenticated" is "wrong"). In the September 2019 order denying reconsideration, Judge Engelmayer cited to a 2018 email between counsel in concluding that "De La Fuente's claim not to have received [the Stroock Report] is a falsehood." Id., Dkt. No. 155 at 4.

As previously explained, and as discussed above, Olsen is precluded from relitigating the same arguments he and De La Fuente made before Judge Engelmayer. (See R&R (Dkt. No. 82) at 4, 9, 14) (noting that Judge Engelmayer "considered and rejected the argument that the lack of a date on the litigation report proved that the Board did not receive the report");

see also Dismissal Order, 2022 WL 4592999, at *3 (explaining that Judge Engelmayer concluded "there was no support for [De La Fuente and Olsen's] arguments that the minutes were falsified").

## CONCLUSION

For the reasons stated above, Plaintiff Olsen's motion for reconsideration (Dkt. No. 95) is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 95), to mail a copy of this order to pro se Plaintiff Olsen, and to close this case.

Dated: New York, New York
       May 7, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

19